**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**Minute Entry**

*Hearing Information:*

**Debtor**: 3RD MILLENNIUM SURGERY CENTER LLC
**Case Number**: 23-01737-EAG11                                  **Chapter:** 11
**Date / Time / Room**: 08/01/2023 9:30 AM
**Bankruptcy Judge**: EDWARD A. GODOY
**Courtroom Clerk**: CARMEN B. FIGUEROA
**Reporter / ECR**: MARIA T. FRONTERA

*Matter:*

MOTION TO DISMISS CASE PURSUANT TO 11 U.S.C. SEC. 1112(b) WITH BAR TO RE-FILE FILED BY PUERTO RICO CONVENTION CENTER DISTRICT AUTHORITY (docket #13)

*Appearances:*

RAFAEL A GONZALEZ VALIENTE, ATTORNEY FOR DEBTOR
GILBERTO J. OLIVERAS MALDONADO, ATTORNEY FOR THE PUERTO RICO CONVENTION CENTER DISTRICT AUTHORITY
VICTOR QUINONES, ATTORNEY FOR THE PUERTO RICO CONVENTION CENTER DISTRICT AUTHORITY

*Minutes of Proceedings:*

Upon the examination of the exhibits submitted and testimony of the witnesses, the following Opinion and Order was read for the record dismissing the instant case:

OPINION AND ORDER

This case is before the court upon the motion to dismiss filed by the Puerto Rico Convention Center District Authority, alleging that the bankruptcy petition was filed in bad faith and the opposition filed by the debtor, 3rd Millennium Surgery Center LLC. The Authority alleges that the Debtor filed this petition to avoid having to respond to a complaint and summary judgment motion filed in state court regarding a Ground Lease and Development Agreement executed by the parties in 2016. The Authority sought a declaratory judgment in state court to cancel the registration of the Lease in the Property Registry. The Authority argues that the Debtor filed this bankruptcy case in bad faith. The Debtor argues that the purpose of the bankruptcy filing is to

raise additional capital through the bankruptcy process, which will allow it to complete the project it wants to construct on the Leased land.

Jurisdiction

This court has jurisdiction over the present contested matter pursuant to 28 U. S. C. §§ 157(a) and 1334(b). The adjudication of a motion to dismiss a bankruptcy petition is a core matter pursuant to 28 U. S. C. § 157 (b). Venue is proper under 28 U. S. C. §§ 1408 and 1409(a).

The Hearing

The court held an evidentiary hearing on July 17, 2023. The Authority alleges the bankruptcy petition was filed for the sole purpose of staying and then removing to this court the state court action filed by the Authority. Debtor alleges the bankruptcy was filed to facilitate obtaining new investment capital, which it needs to develop the land leased from the Authority.

The Authority presented the testimony of its employee, attorney Noema Gerald. Ms. Gerald oversees contracting in the Authority. She testified on the requirements to execute government contracts. Ms. Gerald also discussed the validity of contracts that have been marked as terminated in the Comptroller's Office. Ms. Girald further testified that the Debtor never had possession of the parcels of land it leased and that nothing was developed on the land.

Debtor presented the testimony of Mr. Hector Lopez Quinones, its President. Mr. Lopez explained that after signing the Lease with the Authority in 2016, Puerto Rico was hit by Hurricane Maria, which interrupted communications with government agencies and impacted the leased premises, as the Convention Center became the command center for hurricane relief efforts. Although the Debtor requested an extension of the Lease under the *force majeure* clause, it was denied by the Authority. Later, its development efforts regarding the leased land were stalled by the pandemic. After being sued in state court by the Authority, the Debtor believed that seeking legal help and filing for bankruptcy would put it in a better position to attract new investors, to defend itself against the Authority, and to develop the leased land. According to Mr. Lopez, the chapter 11 reorganization is not dependent on the continued validity of the Lease.

Findings of Facts

Based on the witness testimony and the documents entered into evidence, the court finds the following facts:

1. The Authority and the Debtor executed a Ground Lease & Development Agreement on November 4, 2016. Exhibit 1.

2. On November 7, 2019, the Authority issued a Notice of Default to the Debtor which provided a 30-day cure period. Exhibit 6.

3. The debtor never had physical possession of the land it leased from the Authority.

4. The Debtor never constructed anything on the leased land. Exhibit A.

5. On August 22, 2022, the Authority filed a civil action in the Puerto Rico Court of First Instance seeking a declaratory judgment directing the Registry of Property to cancel the recordation of the Lease in the Registry. Case No. SJ2022CV07541.

6. The Debtor filed its bankruptcy petition on June 6, 2023.

7. Initially, the only asset listed in the Debtor's schedules was the Lease Agreement.

8. The only non-contingent creditor initially listed by the Debtor in the schedules was Dr. Hector Lopez Pumarejo, the Debtor's co-founder and father of its President, and therefore, an insider as defined by 11 U.S.C. § 31(B)(vi).

9. The Debtor amended Schedule A/B at docket number 46 to include as additional assets "schematics and other plan[s]" with an alleged value of $50,000.00 but of no significant value if the Lease was lawfully terminated by the Authority.

10. The Debtor amended Schedule E/F to include three additional professional-services creditors. Although these creditors are not listed as contingent, during the hearing it was established that the professional fees of engineers Bermudez & Longo and attorney Ramirez de Arellano are contingent upon the completion of the project contemplated by the Lease.

11. Monies owed to Dr. Hector Lopez Pumarejo are not evidenced by a promissory note or a loan agreement, have no installment-payment terms, do not accrue interest, and become due only upon the successful completion of the project on the leased land.

12. The Debtor has no income or revenues, no money, no bank accounts, or employees since, at least, 2019.

13. At the time of the bankruptcy filing, there was no danger of any asset of the Debtor being attached, repossessed, or garnished and there was likewise no legal action threaten or filed against the Debtor other than the lawsuit filed by the Authority in state court to cancel the recordation of the Lease in the Property Registry.

14. On June 9, 2023, the Debtor removed the state court action to the bankruptcy court.

15. The Debtor had until June 9, 2023, to respond to the complaint and motion for summary judgment in the state court.

16. The real and only purpose of the bankruptcy filing was to stay the state court proceeding and then remove it to the bankruptcy court.

Applicable Law and Analysis

1. Motion to Dismiss pursuant to section 1112(b)

Pursuant to section 1112(b), on request of a party in interest, the court shall dismiss a case under this chapter for cause unless the debtor shows unusual circumstances establishing that dismissing the case is not in the best interest of creditors and the estate. Where a party establishes cause for dismissal or conversion by a preponderance of the evidence, the court "shall" convert or dismiss the case, whichever is in the best interests of the creditors and the estate. Collier on Bankruptcy ¶ 1112.04[4] (Richard Levin & Henry J. Sommer eds., 16th ed.). The list of causes in section 1112(b)(4) is non-exhaustive and a case may be converted or dismissed for other causes. See In re AmeriCERT, Inc., 360 B.R. at 401; Tuli v. US Trustee, 124 Fed. Appx. 830, 831 (5th Cir. 2005).

Once cause is found, the burden shifts to the opposing party to show why dismissal or conversion would not be in the best interests of the estate and the creditors. See In re Dr. R. Samanta Roy Institute of Science Technology Inc., 465 Fed. Appx. 93, 96-97 (3rd Cir. 2011). The debtor must demonstrate by evidence the "unusual circumstances" that establish that dismissal or conversion to chapter 7 is not in the best interests of the creditors and the estate. Collier on Bankruptcy ¶ 1112.05[1]; see also In re La Trinidad Elderly LP SE, 2019 Bankr. LEXIS 2862, *15 (Bankr. D.P.R. 2019); In re Plaza Antillana Inc., 2014 Bankr. LEXIS 634 (Bankr. D.P.R. 2014).

Lack of good faith (or bad faith) may be grounds for dismissal under section 1112(b). In re Costa Bonita Beach Resort Inc., 479 B.R. 14 (Bankr. D.P.R. 2012). Any determination of good faith or bad faith is fact intensive and must consider the totality of the circumstances on a case-by-case basis. In re La Trinidad Elderly LP SE, at *19 aff'd by La Trinidad Elderly LP SE v. Loiza Ponce Holdings LLC, 627 B.R. 779 (1st Cir. B.A.P. 2021); see also In re Farnsworth, 2009 Bankr. Lexis 3699, *20 (citing Marrama v. Citizens Bank of Mass. (In re Marrama), 430 F.3d 474, 482 (1st Cir. 2005) aff'd, 549 U.S. 365, 127 S. Ct. 1105, 166 L.Ed.2d 956 (2007)). The factors enumerated in In re C-TC 9th Ave, P'ship, 13 F. 3d 1304 (2d Cir 1997) are considered in a totality of circumstances analysis. See In re Plaza Antillana, at *27, referencing the "Picadilly Factors."

Courts may find bad faith when a "debtor seeks to abuse the bankruptcy law by employing it for a purpose for which it was not intended." See In re Foxcroft Square Co., 184 B.R. 671, 678 (E.D. Pa. 1995) quoting In re Clinton Centrifuge, Inc., 72 Bankr. 900, 905 (Bankr. E.D. Pa. 1987). Immediate dismissal is the only appropriate course once the court finds that the petition was filed without a legitimate purpose. Marsch v. Marsch (In re Marsch), 36 F.3d 825 (9th Cir. 1994).

In the present case, the factors that weight in favor of dismissal are:

(a) Two-party litigation between the Debtor and the Authority in state court was pending at the time of the bankruptcy filing.

(b) The Debtor has no employees, no bank account, no money, and no real assets of value other than the Lease Agreement which the Authority claims was lawfully terminated several years before the bankruptcy filing.

(c) Most creditors' claims are contingent upon the Debtor completing the development of the leased land.

(d) At the time of the bankruptcy filing, there was no danger of any asset of the Debtor being attached, repossessed, or garnished and there was likewise no legal action threaten or filed against the Debtor other than the lawsuit filed by the Authority in state court.

(e) The real and only purpose of the bankruptcy filing was to stay the state court proceeding and then remove it to the bankruptcy court.

The court concludes that the Debtor "abuse[d] the bankruptcy law by employing it for a purpose for which it was not intended" – forum shopping. See In re Foxcroft Square Co., 184 B.R. at 678. The section 362 automatic stay stayed nothing here except the state court litigation, which the debtor then promptly removed to the bankruptcy court. The debtor has failed to show "unusual circumstances" that evince that conversion or dismissal is not in the best interest of creditors and the estate. The allegation, which is mainly attorney argument, that bankruptcy will facilitate raising new capital is unsupported by any evidence and is at best wishful thinking.

Thus, the bankruptcy petition was not filed in good faith, that is, for a valid bankruptcy purpose, and there is cause for dismissal of the chapter 11 case under 11 U.S.C. §1112(b)(4)(A).

1. Abstention pursuant to 11 U.S.C. §305

The First Circuit Appellate Panel in Efron v. Candelario (In re Efron), 529 B.R. 396 (1st Cir. B.A.P. 2015) stated the following:

> "Pursuant to § 305(a), a bankruptcy court, after notice and a hearing, may dismiss all proceedings in a bankruptcy case if it determines the interests of creditors and the debtor would be better served by dismissal. See 11 U.S.C. § 305(a)(1). The issue of abstention under § 305 can be raised by the bankruptcy court sua sponte. In re ELRS Loss Mitigation, LLC, 325 B.R. 604, 634 (Bankr. N.D. Okla. 2005); see also In re Duratech Indus., Inc., 241 B.R. 283, 287 (E.D.N.Y. 1999). A bankruptcy court's decision to abstain under § 305(a) is discretionary and must be made on a case-by-case basis. In re ELRS Loss Mitigation, 325 B.R. at 634 n.101. Although abstention in a properly filed bankruptcy case is an extraordinary remedy that should be used sparingly, dismissal is appropriate where the court finds both creditors and the debtor would be better served by dismissal than they would by the continuation of the case. See, e.g., In re Kology, No. 12-14992-WCH, 2013 Bankr. LEXIS 5106, 2013 WL 6331016, at *4 (Bankr. D. Mass. Dec. 5, 2013) (citing In re Eastman, 188 B.R. at 625); In re Costa Bonita Beach Resort, Inc., 479 B.R. 14, 46 (Bankr. D.P.R. 2012); In re Mazzocone, 200 B.R. at 575."

> Courts have considered a wide variety of factors to evaluate whether abstention is appropriate under § 305(a), including: (1) the purpose of the bankruptcy; (2) the necessity of federal proceedings to achieve a just and equitable solution; (3) the availability of another

forum to resolve the unsettled issues; (4) the efficiency and economy of having the bankruptcy court settle the matter; (5) the possible prejudice to the various parties; and (6) whether the bankruptcy forum is being used to resolve what is in essence a two-party dispute. See, e.g., In re Seff Enters. & Holdings, LLC, 2010 BNH 11, 2010 WL 7326760, at *2 (Bankr. D.N.H. [*406] 2010) (citing In re Deacon Plastics Mach., Inc., 49 B.R. 982, 982 (Bankr. D. Mass. 1985); In re Nesenkeag, Inc., 131 B.R. 246, 247 (Bankr. D.N.H. 1991)); In re Mazzocone, 200 B.R. at 575; In re Fax Station, Inc., 118 B.R. 176, 177 (Bankr. D.R.I. 1990). "[T]he exact factors to be considered and the weight to be given each of them is highly sensitive to the facts of each individual case." In re Mazzocone, 200 B.R. at 575 (citations omitted).

Pursuant to section 305, a case may be suspended to permit an intervening activity to take place. Collier on Bankruptcy ¶ 303.35. The pendency of state law liquidation proceedings or the existence of unsettled issues of state law may permit abstention under section 305(a)(1). Collier on Bankruptcy at 305.02(c). Dismissal or suspension under §305 is warranted if it is in the interest of the creditors and the debtor.

With suspension or dismissal pursuant to section 305(a), the bankruptcy court abstains from exercising jurisdiction over the bankruptcy case itself, as opposed to a proceeding arising under the case or arising in or related to the case. 9 Am. Jur. 2d Bankruptcy § 733. "Section 305(a) grants the bankruptcy court the power to forgo the exercise of jurisdiction even when jurisdiction is otherwise appropriate." Collier on Bankruptcy at §305.02. Section 305 refers to the suspension of "all proceedings under this title."

The court finds that dismissal is also warranted pursuant to section 305. This is a two-party dispute and there is no need of a federal proceeding to achieve a just and equitable solution. A determination as to the validity of the Lease Agreement would be needed for the Debtor to commence any development of the leased land. A resolution in state court regarding the parties' rights under the Lease is in the best interest of the Debtor, the Authority, and all the contingent creditors.

Also, the Debtor has failed to articulate a viable "bankruptcy purpose" other than to avoid state-court resolution of the lease dispute. The state forum is the adequate forum to interpret contractual rights, especially government contracts which contain legal

requirements regulated by state law. The Lease dispute can be more efficiently and economically settled in the state court. Thus, if the agreement was lawfully cancelled or not is a matter of state law that would be best addressed by the state court.

Conclusion

Based on the foregoing, and considering the totality of the circumstances, this court concludes that dismissal of this bankruptcy case and its related adversary proceeding, without prejudice, is warranted and mandated pursuant to 11 U.S.C. § 1112(b)(4). In the alternative, dismissal is warranted under the abstention provisions of section 305.

Therefore, Movant's Motion to Dismiss, at docket number 15, is hereby granted and this bankruptcy case and its related adversary proceeding are dismissed without prejudice.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 1st day of August 2023.

/s/EDWARD A. GODOY
U. S. Bankruptcy Judge